IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christy Diane Norris, | Civil Action No. 8:09-2726-HMH |
| Plaintiff, | |
| v. | State Court No. 2009-CP-04-01000 (Court of Common Pleas for Anderson County, SC) |
| TitleMax of South Carolina, Inc. and James Breedin Bowen, | NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT |
| Defendants. | |

Defendant, TitleMax of South Carolina, Inc. ("TitleMax"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1334, 1446, 1452, and 157(a), and Federal Rule of Bankruptcy Procedure 9027, hereby files this Notice of Removal of State Court Action to United States District Court ("Notice of Removal"), whereby TitleMax removes to this Court all claims and causes of action in the civil action styled *Christy Diane Norris v. TitleMax of South Carolina, Inc. and James Breedin Bowen*, Court of Common Pleas, Anderson County, South Carolina, Docket No. 2009-CP-04-0100 (the "State Action"). TitleMax reserves all defenses and rights available to it, and states as follows:

**A.    Background**

1.    On or about March 9, 2009, Christy Diane Norris (the "Plaintiff") initiated the State Action against TitleMax and co-defendant James Breedin Bowen. *See* Ex. A, Summ. & Compl.

2.    In the State Action, Plaintiff alleges causes of action sounding in negligence and defamation/credit slander, whereby Plaintiff seeks actual and punitive damages. (*See* Compl. ¶¶

15-24.)

3. On April 20, 2009, TitleMax and several affiliates filed voluntary petitions for relief under chapter 11 of the title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "<u>Bankruptcy Code</u>"), in the United States Bankruptcy Court for the Southern District of Georgia (the "<u>Bankruptcy Court</u>"), which cases are being jointly administered, Docket No. 09-40805 (the "<u>Bankruptcy Cases</u>"). *See* Ex. B, Bankr. Petition and Notice of Chapter 11 Cases.

4. All of the Plaintiff's theories of liability concern alleged events that transpired before TitleMax filed for bankruptcy on April 20, 2009. (*See* Compl. ¶¶ 5-14.)

**B.    Removal Jurisdiction**

5. TitleMax files this Notice of Removal pursuant to 28 U.S.C. § 1452(a) within the time required by law for removal under Federal Rule of Bankruptcy Procedure 9027(a)(2) and pursuant to the Bankruptcy Court's Order Granting Debtor's Motion to Extend the Period Within Which Debtors May Remove Actions Pursuant to 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9006 and 9027. *See* Ex. C, *In re TitleMax Holdings, LLC*, Chp. 11 Case No. 09-40805, slip op. (Bankr. S.D. Ga. Aug. 14, 2009). This Court is the proper court for removal because the State Action was filed in Anderson County, South Carolina. 28 U.S.C. § 1452(a).

6. As the State Action is "related to" the Bankruptcy Cases, this Court has subject matter jurisdiction over the State Action and the claims and causes of action asserted therein pursuant to 28 U.S.C. § 1334(b). The State Action is related to the Bankruptcy Cases because it has the required nexus to the Bankruptcy Cases:

> In short, "'the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (quoting

*Pacor*, 743 F.2d at 994). Therefore, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and [it] in any way impacts upon the handling and administration of the bankruptcy estate." *Id*. at 625-26; *see also Spartan Mills v. Bank of Am. Ill.*, 112 F.3d 1251, 1255-56 (4th Cir. 1997).

*Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 836 (4th Cir. Va. 2007); *see also In re Lemco Gypsum, Inc.* 910 F.2d 784, 788 (11th Cir. 1990) (joining with the Fourth Circuit and other jurisdictions that have adopted the formulation, known as the *Pacor* test).

### C. Notice

7. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b) and (c), TitleMax is filing this Notice of Removal with the clerk for the court where the State Action is now pending (Anderson County) and serving it on counsel for the Plaintiff.

### D. Consent to Jurisdiction

8. This proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), (B), and/or (O). Specifically, the outcome of the State Action will affect the administration of the Bankruptcy Cases. Should this Court (or any subsequent court to which this Court may transfer the matter) determine that it is a non-core matter under 28 U.S.C. § 157, TitleMax consents to entry of final orders or judgment by the bankruptcy judge.

### E. Non-Waiver of Defenses

9. Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of TitleMax's right to assert any defense or affirmative response in this proceeding.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), and having complied with Federal Rule of Bankruptcy Procedure 9027(a), TitleMax respectfully requests that the State Action now pending in the Court of Common Pleas, Anderson County, South Carolina be

removed to this Court.

                              **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                              By:  s/Brian A. Calub
                                  Brian A. Calub
                                  Federal Bar No. 9836
                                  E-Mail Address:  brian.calub@nelsonmullis.com
                                  B. Rush Smith, III
                                  Federal Bar No. 5031
                                  E-Mail Address:  rush.smith@nelsonmullins.com
                                  1320 Main Street / 17th Floor
                                  Post Office Box 11070 (29211)
                                  Columbia, SC 29201
                                  (803) 799-2000

                                  -AND-

                                  Rivers S. Stilwell
                                  E-Mail Address:  rivers.stilwell@nelsonmullins.com
                                  Fed. Bar No. 6271
                                  Crystal C. McCall
                                  E-Mail Address:  crystal.mccall@nelsonmullins.com
                                  Fed. Bar No. 9522
                                  104 South Main Street / Ninth Floor
                                  Post Office Box 10084 (29603-0084)
                                  Greenville, SC  29601
                                  (864) 250-2300

                              Attorneys for TitleMax of South Carolina, Inc.

Greenville, South Carolina

October 20, 2009

- 5 -

## CERTIFICATE OF SERVICE

I, the undersigned attorney, of the law offices of Nelson Mullins Riley & Scarborough LLP, attorneys for Defendant TitleMax of South Carolina, Inc., do hereby certify that a copy of the pleading(s) hereinbelow specified were served on all counsel in this action via U.S. Mail to the following addresses:

Pleadings:  Notice of Removal, Civil Cover Sheet, Defendant TitleMax of South Carolina, Inc.'s Rule 7.1 Disclosure Statement and Defendant TitleMax of South Carolina, Inc.'s Responses To Local Rule 26.01 Interrogatories

Counsel Served:

Rodney F. Pillsbury, Esquire
Pillsbury & Read, P.A.
1204-A East Washington Street
Greenville, SC 29601

s/Brian A. Calub
Brian A. Calub

October 20, 2009