# EXHIBIT A

STATE OF SOUTH CAROLINA )
)   IN THE COURT OF COMMON PLEAS
COUNTY OF ANDERSON )

Christy Diane Norris, )
)   C.A. No.: 09-CP-04-01000
      Plaintiff, )
)
v )
)   **SUMMONS**
)
TitleMax of South Carolina, Inc. and )
James Breedin Bowen, )
)
      Defendants. )
)

## TO THE DEFENDANTS ABOVE-NAMED:

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 1204-A East Washington Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, the plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Respectfully Submitted,

Pillsbury & Read, P.A.

_____
Rodney F. Pillsbury (S.C. Bar # 013067)
1204-A East Washington St.
Greenville, South Carolina 29601
Phone: (864) 241-9828
Fax:   (864) 241-9818
Email: rpillsbury@prlawpa.com

**ATTORNEY FOR PLAINTIFF**

March 5, 2009



A TRUE COPY

MAR -

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF ANDERSON ) | IN THE COURT OF COMMON PLEAS |

| | |
|---|---|
| Christy Diane Norris, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>TitleMax of South Carolina, Inc. and )<br>James Breedin Bowen, )<br>)<br>Defendants. )<br>) | C.A. No.: 09-CP-04-01000<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

COMES NOW THE PLAINTIFF, by and through her undersigned attorney, who would respectfully show unto this Court the following:

## JURISDICTIONAL STATEMENT

1. Plaintiff is a citizen and resident of Anderson County, South Carolina.

2. Upon information and belief, Defendant TitleMax of South Carolina, Inc. ("Defendant TitleMax) is a South Carolina corporation which does business in Anderson County, South Carolina.

3. Upon information and belief, Defendant James Breedin Bowen ("Defendant Bowen") is a citizen and resident of Anderson County, South Carolina.

4. This Court has jurisdiction over the parties and subject matter of this action under Articles 5 and 7 of the South Carolina Constitution, Section 14-1-80 of the *Code of Laws of South Carolina* (1976, Annotated) and the common law of South Carolina.

A TRUE COPY

MAR -

Page -1-

## FACTUAL ALLEGATIONS

5. Upon information and belief, Defendant Bowen trades and sells used automobiles.

6. Without Plaintiff's knowledge or consent, upon information and belief, on or about September 16, 2005, Defendant Bowen sold a 1996 Pontiac Grand Am to Patsy Diane Tipton.

7. Upon information and belief, Ms. Tipton has been and/or currently is incarcerated for a multitude of crimes. Ms. Tipton has no assets and is, for all practical purposes, judgement proof.

8. Upon information and belief, at the time of the sale of the vehicle, Defendant Bowen knew Ms. Patsy Diane Tipton. Furthermore, Defendant Bowen knew Patsy Diane Tipton was not the plaintiff, Christy Diane Norris.

9. Upon information and belief, when Defendant Bowen sold the vehicle to Ms. Tipton, Defendant Bowen listed the plaintiff has the purchaser on all transactional documents perfecting the same. Defendant Bowen knew, or reasonably should have known, that Ms. Tipton was not the plaintiff.

10. Upon information and belief, Ms. Tipton financed the purchase of the vehicle through Defendant TitleMax. When Defendant financed the vehicle for Ms. Tipton, Defendant TitleMax listed the plaintiff has the purchaser on all transactional documents perfecting the same. Defendant TitleMax knew, or reasonably should have known, that Ms. Tipton was not the plaintiff.

11. Upon information and belief, sometime thereafter Tipton did not pay the monies owed to Defendant Titlemax and/or Tipton did not properly insure the vehicle she purchased from Defendant Bowen.

12. At some point, the Department of Motor Vehicles, without any knowledge to Plaintiff, suspended her license solely for the deeds and acts of Ms. Tipton arising from and related to Ms. Tipton's ownership of the vehicle which Defendants sold and financed in the name of the plaintiff.

13. On or before May 1, 2006, Plaintiff learned about the transaction between and among the defendants and Ms. Tipton. Plaintiff's driver's license was suspended by the South Carolina Department of Motor Vehicles, for which she was required to retain an attorney to clear her name and have her license reinstated.

14. As a direct and proximate result, Plaintiff has been damaged.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

15. Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

16. When selling and financing a vehicle, Defendants owed plaintiff a duty to insure that information documenting the transaction was accurate, and specifically, was not the plaintiff, the person obtaining the vehicle was, in fact, not the plaintiff.

17. Defendants wilfully, wantonly and/or recklessly breached their duty of care to the plaintiff in one or more of the following particulars relating to selling and financing a vehicle in question in the name of the plaintiff, when, in fact, it was purchased by Ms. Tipton:

    a. failing to confirm the identify of Ms. Tipton when transacting business with her;

    b. failing to reasonably investigate the true identity of Ms. Tipton when transacting business with her;

c.  placing plaintiff's name on all transactional documents relating to the sale and financing of the vehicle in question, without plaintiff's knowledge or consent of the same;

d.  reporting to governmental agencies that plaintiff was the owner and/or responsible party for the vehicle in question, without plaintiff's knowledge or consent of the same;

e.  reporting to credit bureaus and other financial institutions that plaintiff was the owner and/or responsible party for the vehicle in question, without plaintiff's knowledge or consent of the same;

f.  failing to exercise due care under the circumstances then-existing; and/or

g.  failing to exercise reasonable care within the standards generally applicable to business or individuals associated with the selling and financing of motor vehicles.

18. As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Anderson County empaneled and empowered to hear such cause.

### FOR A SECOND CAUSE OF ACTION
### As To Defendant TitleMax of South Carolina
### (Defamation/Credit Slander)

19. Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

20. Defendant TitleMax's conduct and statements regarding Plaintiff are disparaging and defamatory because they willfully and without justification or privilege convey to other persons inaccurate adverse information concerning Plaintiff's credit history.

21. Defendant's statements were false.

22. Defendant's statements have a tendency to injure Plaintiff because as a proximate result of Defendant's publication of these statements, Plaintiff has had difficulty obtaining credit and suffered pecuniary loss in an amount to be determined at trial.

23. Defendant's statements, as set forth above, were oppressive, fraudulent or malicious, such that they warrant both compensatory and punitive damages.

24. As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Anderson County empaneled and empowered to hear such cause.

**WHEREFORE**, having fully complained of the defendant, Plaintiff prays for judgment against the defendants, jointly and severally, for actual and punitive damages, plus the costs of this action and any other relief necessary that the Court may deem just and appropriate under the circumstances.

Respectfully Submitted,

**Pillsbury & Read, P.A.**

Rodney F. Pillsbury (S.C. Bar # 013067)
1204-A East Washington St.
Greenville, South Carolina 29601
Phone: (864) 241-9828
Fax:    (864) 241-9818
Email: rpillsbury@prlawpa.com

**ATTORNEY FOR PLAINTIFF**

March 5, 2009